IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:14-cr-88 |
| | : | 1:17-cv-1713 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| FELIX DOMINGUEZ-RIVERA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**March 29, 2018**

Presently pending before the Court is Defendant Felix Dominguez-Rivera's ("Defendant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 114). Defendant filed an addendum in support of the Motion (Doc. 115), the Government filed a brief in response (Doc. 122), and Defendant filed a brief in reply (Doc. 123). The Motion is therefore fully briefed and ripe for our review. For the reasons that follow, the Motion shall be denied.

**I.     BACKGROUND**

Defendant pled guilty to three counts of a Superseding Indictment charging him with distribution and possession with intent to distribute 100 grams or more of heroin, distribution and possession with intent to distribute 28 grams or more of cocaine base, and felon in possession of a firearm, in violation of 21 U.S.C. §

1

841(a)(1) and 18 U.S.C. § 922(g)(1). The Defendant's guilty plea was made pursuant to a plea agreement. (Doc. 75).

Following the entry of the plea, the assigned United States Probation Officer rendered a Presentence Investigation Report ("PSR") which set forth a total offense level of 31 and determined the Defendant to be a career offender. (Doc. 83). The guideline imprisonment range was 188-235 months, with a fifteen year mandatory minimum sentence for Count 3. (*Id.*). The PSR also determined the Defendant to be an armed career criminal pursuant to USSG § 4B1.4(c)(2). (*Id.*). Defense counsel objected to the Defendant's classification as an armed career criminal and a career offender, and filed a brief in support of those objections. (Doc. 89). The Government filed a responsive brief. (Doc. 90). On August 9, 2016, we sustained the Defendant's objection to his classification as an armed career criminal, but overruled his objection to his classification as a career offender. (Doc. 91). We determined that the Defendant's prior drug offense for which he was sentenced on March 11, 1997 and his prior attempted first degree assault offense for which he was sentenced on March 12, 2001 were appropriate predicates for his career offender status. (*Id.*). The Defendant's guideline imprisonment range remained unchanged at 188-235 months.

On January 10, 2017, we sentenced Defendant to a 168 month term of imprisonment, a four year term of supervised release, a $1,500 fine, and a $300

special assessment. (Doc. 102). On January 17, 2017, the Defendant filed a notice of appeal, but the Third Circuit dismissed the appeal due to the direct appeal waiver within his plea agreement. Pursuant to 28 U.S.C. § 2255, The Defendant filed the instant Motion on September14, 2017, alleging ineffective assistance of counsel. (Doc. 114).

## II.    DISCUSSION

Defendant included two separate grounds in support of his Motion, but those two grounds are identical; both claim ineffective assistance of counsel relating to defense counsel's representation of Defendant at the sentencing stage. (Doc. 114). Defendant claims that his attorney's failure "to object to the use of the 1996 Connecticut drug conviction as a career offender predicate on the grounds that Mathis prohibited the use of this conviction as a predicate 'controlled substance offense' under USSG § 4B1.2(b)" constituted ineffective assistance. (Doc. 115, p. 7). Pursuant to *Mathis v. United States*, 136 S.Ct. 2243 (2016), Defendant argues that his 1996 conviction for the sale of heroin is not a predicate "controlled substance offense" because the statute criminalizes more conduct than the guidelines. (*Id*. at pp. 4-7). Had his counsel objected to the use of this predicate offense, Defendant argues that he would not have been classified as a career offender and his guideline imprisonment range would have been significantly lower. (*Id*. at p. 8).

We begin with the well-established standard for such claims under 28 U.S.C. § 2255. In order to successfully demonstrate ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first prong of the *Strickland* test requires the defendant show that counsel's performance was actually deficient. *Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A court "deciding an actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (quoting *Michel v. Louisiana,* 350 U.S. 91, 93, 76 S. Ct. 158, 100 L. Ed. 83 (1955)).

The second prong of the *Strickland* test requires the defendant show that the deficient performance so prejudiced the defense as to raise doubt as to the accuracy of the outcome of the trial or sentence. *Strickland*, 466 U.S. at 693-94. The petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Jermyn,* 266 F.3d at 282 (quoting *Strickland,* 466 U.S. at 693). A "reasonable probability," for the purposes of establishing prejudice, is "a probability sufficient to undermine confidence in the outcome." *Id.*

Defendant claims that his counsel was ineffective for his failure to use *Mathis* to argue that his 1996 conviction for possession of heroin with intent to sell is not a "controlled substance offense" under USSG § 4B1.1. Defense counsel did object to the use of this predicate offense, but argued instead that there were "no judicially noticeable documents" to substantiate that conviction. (Doc. 91, p. 12). In overruling the objection and upholding the Defendant's career offender status, we noted that while "Defendant does not challenge that this state offense meets the required elements of a 'controlled substance offense' under U.S.S.G. § 4B1.1 . . . we find that the Connecticut statute in question does indeed contain the required elements." (*Id.*). In so finding, we examined the statute under which the Defendant was convicted. At the time of conviction, CONN. GEN. STAT. ANN. § 21a-277(a) provided that:

> Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned. . . .

5

Defendant argues that his conviction under this statute cannot serve as a predicate "controlled substance offense" because the statute prohibits a broader category of behavior than the sentencing guidelines. Notably, under Connecticut law, "the statutory definition of 'sale' as applied to illegal drug transactions is much broader than [the] common definition" and includes a mere offer to sell a controlled substance. *United States v. Lavon Savage,* 542 F.3d 959, 965 (2008). The Second Circuit has held that, in light of this, a conviction under this Connecticut statute cannot categorically qualify as a "controlled substance offense" within the meaning of USSG § 4B1.2(b). *Id.* The Second Circuit therefore agreed with the Fifth Circuit that "'a mere offer to sell, absent possession, does not fit within the Guidelines' definition' of a controlled substance offense." *Id.* (citing *United States v. Price*, 516 F.3d 285, 288-89).

Even assuming that we agree with the Second Circuit that the Defendant's 1996 Connecticut conviction for sale of heroin cannot categorically qualify as a "controlled substance offense," we nonetheless would have found that it qualifies as a predicate offense under the modified categorical inquiry. The Supreme Court addressed the modified categorical approach in *Shepard v. United States*, 544 U.S. 13 (2005). Pursuant to *Shepard*, "[w]here, as here, the statute of conviction is overly inclusive, we address whether the government has shown that the plea 'necessarily' rested on the fact identifying the conviction as a predicate offense."

6

*Savage*, 524 F.3d at 966 (citing *Shepard*, 544 U.S. at 21). To do so, the Court looks to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26.

In a footnote, Defendant argues alternatively that even if *Mathis* is not applicable, his attorney provided ineffective assistance of counsel by "failing to argue that the government had not established by a preponderance of the evidence that the career offender enhancement should not apply." (Doc. 115, p. 7). "Specifically, Movant contends that counsel failed to argue that the government had provided the necessary documentation to prove that the 1996 Connecticut drug conviction qualified as a 'controlled substance offense' under the modified categorical approach." (*Id.*).

However, the Court already was in possession of the relevant documentation because the Government provided a certified state court document, signed by the prosecutor, clerk, and presiding judge, showing that Defendant entered a guilty plea and was sentenced to 8 years of imprisonment on March 11, 1997 for "sale of hallucinogen/narcotic on or about 4/21/1996," "in violation of CGS/PA No: 21a-277(a)." (Doc. 90, Ex. F). The document also reflects the disposition and specific sentence that was imposed. *Id.* Additionally, the Government has provided a

charging document against Defendant signed by the prosecutor for this offense, where it states that the Defendant was charged with "the crime of **Possession of Heroin With Intent to Sell**." *Id.* (emphasis added).

The documents have every indicia of authenticity, and we considered them to be reliable in our previous order ruling on Defendant's objections, as we do now. (Doc. 91, p. 12). The charging document makes clear that Defendant pled guilty to a charge involving *the possession of heroin with intent to sell*, rather than just the "sale" of heroin which, under Connecticut's definition, could include a mere offer to sell without possession. The sentencing guidelines define a predicate controlled substance offense as "an offense . . . that prohibits . . . the possession of a controlled substance (or a counterfeit substance) with intent to . . . distribute." USSG §4B1.2(b). The Defendant's 1996 conviction fits the definition and was appropriately used as a predicate offense for his designation as a career offender.

Therefore, even if Defendant's attorney had made all of the arguments that Defendant believes were required to constitute effective assistance of counsel, Defendant's guideline imprisonment range and subsequent sentence would not have been different. Without a showing of prejudice, defendant cannot establish the second prong of the *Strickland* analysis and we accordingly must deny the Motion.

## III.   CONCLUSION

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 114) shall be denied.  An appropriate Order shall issue.