IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:14-CR-88 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **FELIX DOMINGUEZ-RIVERA,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Defendant Felix Dominguez-Rivera was sentenced to 135 months' imprisonment and a four-year term of supervised release in January 2017, after pleading guilty to drug-trafficking and firearm charges. Dominguez-Rivera moves *pro se* to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We will deny Dominguez-Rivera's motion.

### I.  Factual Background & Procedural History

On October 30, 2015, Dominguez-Rivera pled guilty to a three-count superseding information before former Judge John E. Jones III pursuant to a plea agreement. Specifically, Dominguez-Rivera pled guilty to two drug-trafficking charges (Counts 1 and 2) and one count of being a felon in possession of a firearm (Count 3). Judge Jones sentenced Dominguez-Rivera to 168 months' imprisonment on the drug counts and 120 months' imprisonment on the felon-in-possession count to run concurrently, plus a four-year term of supervised release. Dominguez-Rivera appealed his sentence, but our court of appeals dismissed his appeal pursuant to the appellate waiver in his plea agreement. He then timely filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, contesting

counsel's failure to challenge his career-offender designation at sentencing. Judge Jones denied the motion, but the court of appeals agreed with Dominquez-Rivera and remanded the case for resentencing without application of the enhancement. See United States v. Dominguez-Rivera, 810 F. App'x 110, 114 (3d Cir. 2020) (nonprecedential).

Judge Jones appointed Melissa Porter, Esquire, to represent Dominguez-Rivera at his resentencing. Attorney Porter initially objected to the drug weight calculations set forth in the presentence report ("PSR"), but later withdrew all objections based on a sentencing stipulation reached by the parties. Therein, the parties stipulated to a converted drug weight of at least 3,000 but less than 10,000 kilograms, as well as to Dominguez-Rivera's total offense level (29), criminal history category (IV), and resulting Guidelines range (121 to 151 months). (See Doc. 152). They also agreed to jointly recommend a term of imprisonment of 135 months, roughly in the middle of the stipulated range. (See id.) Judge Jones resentenced Dominguez-Rivera on February 23, 2021, consistent with the parties' joint recommendation, to a 135-month term of imprisonment and four years of supervised release on Counts 1 and 2, and a 120-month imprisonment and three years of supervised release on Count 3. Judge Jones ordered these terms to run concurrently.

Dominguez-Rivera now brings a new *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 arguing Attorney Porter provided

ineffective assistance during his resentencing.[1]  The motion is fully briefed and ripe for disposition.

## II.  Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence.  See 28 U.S.C. § 2255.  Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, when "the sentence was imposed in violation of the Constitution or the laws of the United States."  See 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a).  The statute provides, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  See 28 U.S.C. § 2255(b).  The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record."  See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).  A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record."  See United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on such a claim, a defendant must demonstrate (1) counsel's

---

[1] This case was reassigned to the undersigned in July 2021 in light of Judge Jones' retirement.

3

representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. See Strickland, 466 U.S. at 687-88.  The defendant bears the burden of proving both prongs.  See id. at 687.

To determine whether counsel satisfied the objective standard of reasonableness under the first prong, courts must be "highly deferential" toward counsel's conduct.  See id. at 689.  There is a strong presumption counsel's performance falls within the broad range of reasonable professional assistance.  See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989).  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."  Id. at 711 (citing Strickland, 466 U.S. at 689-90).  To satisfy the prejudice prong, the defendant must establish a reasonable probability, but for counsel's errors, the outcome of the proceeding "would have been different."  Strickland, 466 U.S. at 694.  The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one.  See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

**III.   Discussion**

Dominguez-Rivera argues his resentencing counsel, Attorney Porter, provided ineffective assistance by not challenging the three charges against him for lacking a factual basis.  We will address Dominguez-Rivera's claims *seriatim*.[2]

**A.   Drug-Trafficking Charges**

Dominguez-Rivera's ineffective assistance claim related to his two drug-trafficking charges relies on United States v. Rowe, 919 F.3d 752 (3d Cir. 2019).  In Rowe, our court of appeals held "the provisions of § 841(b)(1)(A) and (b)(1)(B)," which establish mandatory minimum penalties based on certain statutory drug quantities, "attach to each discrete act of distribution or possession." See United States v. Williams, 974 F.3d 320, 360 (3d Cir. 2020) (citing Rowe, 919 F.3d at 759).  That is, the government cannot aggregate amounts distributed or possessed "at discrete instances" to reach statutory drug quantities; the mandatory minimum penalty will apply only if the government proves at least one individual instance of distribution or possession meets the applicable statutory drug quantity.  See id. (quoting Rowe, 919 F.3d at 761).

Dominguez-Rivera pled guilty to two counts charging statutory drug quantities: Count 1, which charged distribution of and possession with intent to distribute 100 grams and more of a mixture and substance containing heroin in

---

[2] Dominguez-Rivera is currently on supervised release.  As a threshold matter, we note a habeas corpus petition challenging the sentence the defendant is currently serving is not rendered moot by the defendant entering the supervised-release phase of their sentence.  See United States v. Prophet, 989 F.3d 231, 235 (3d Cir. 2021) (collecting cases).

5

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i); and Count 2, which charged distribution of and possession with intent to distribute 28 grams and more of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 2). (See Doc. 74 at 1-2). The superseding information alleges the conduct underlying Counts 1 and 2 took place between December 2011 and August 2013. (See id.) Dominguez-Rivera claims there is no factual basis supporting the statutory drug quantities charged in the superseding information and argues Attorney Porter was ineffective for not moving to vacate his convictions in light of Rowe.[3] (See Doc. 161 at 6-8). The government counters Dominguez-Rivera's admissions during the change-of-plea hearing provide sufficient evidentiary support for the drug-trafficking charges. (See Doc. 168 at 12-14 & n.3).

It is clear from the government's factual recitation during the guilty plea hearing the government sought to prove the charged drug quantities by aggregating discrete transactions and acts of possession—precisely what Rowe forbids. (See Doc. 111, 10/30/15 Hr'g Tr. 19:20-22:14). The government recited several acts of distribution and possession well beneath the drug-weight thresholds, (see, e.g., id. at 20:6-7, 20:17-22), explicitly aggregated a series of transactions, (see id. at 21:1-4), referred to the charged drug weights it would have proved at trial as a "total," (see id. at 22:9-12), and depicted Dominguez-Rivera's offense conduct as taking place over extended periods of time, (see id. at 19:20-22, 21:4-18; (see id. at 19:20-22, 21:4-

---

[3] Dominguez-Rivera does not challenge the conduct of his prior attorney at the guilty plea hearing in 2015; he acknowledges that Rowe had not yet been issued, and hence his counsel's failure to object to the factual recitations was reasonable. (See Doc. 169 at 3).

6

18); see also Rowe, 919 F.3d at 759). Even so, the charges against Dominguez-Rivera stand—and Attorney Porter's failure to invoke Rowe is not constitutionally problematic—as long as Dominguez-Rivera admitted to one transaction or act of possession or distribution meeting the threshold drug weight. Cf. Rowe, 919 F.3d at 759; United States v. Carey, No. 21-1837, ___ F.4th ___, 2023 WL 4385952, at *4-6 (3d Cir. July 7, 2023). Thus, we must examine the facts proffered and admitted related to each of the two counts.

   1. ***Count 1: Heroin***

The government proffered, and Dominguez-Rivera admitted, the following facts related to the heroin charge:

- Dominguez-Rivera sold less than one gram of heroin to a confidential informant ("CI-1") on September 12, 2012, and during this transaction, told CI-1 "he had just received 70 grams of heroin from a Philadelphia source and that he normally purchased . . . 100 to 250 grams of heroin at a time," (see 10/30/15 Hr'g Tr. 20:2-12);

- A cooperating witness ("CW-1") purchased 3.8 grams of heroin from Dominguez-Rivera on January 30, 2013, (see id. at 20:15-18, 20:21-21).

- CW-1 purchased 3.5 grams of heroin from Dominguez-Rivera on February 13, 2013, (see id. at 20:13-22);

- Another cooperating witness ("CW-2") informed investigators Dominguez-Rivera would obtain heroin from Connecticut in quantities approximating 300 grams and later distribute it, (see id. at 20:23-7, 21:12-20); and

- A search of Dominguez-Rivera's girlfriend's parents' residence produced packaging materials containing approximately 7 grams of heroin residue, (see id. at 22:5-8).

The admitted facts do not establish Dominguez-Rivera ever *distributed* 100 grams or more of heroin at one time; the government does not describe him

7

distributing more than 4 grams in a single instance. Dominguez-Rivera's statement to CI-1, however, is sufficient to support he *possessed with intent to distribute* 100 grams and more of a mixture and substance containing heroin during the charged period.[4] Attorney Porter's performance is not deficient for failing to challenge the factual basis underlying Count 1—any such challenge would have been meritless. See Lafler v. Cooper, 566 U.S. 156, 167 (2012); Preston v. Superintendent Graterford SCI, 902 F.3d 365, 379 (3d Cir. 2018) (citing Ross v. Dist. Att'y of Cnty. of Allegheny, 672 F.3d 198, 211 n.9 (3d Cir. 2012)).

### 2. *Count 2: Cocaine Base*

The government proffered the following facts related to Dominguez-Rivera's charge involving cocaine base:

- CW-2 purchased crack cocaine from Dominguez-Rivera on at least seven occasions and obtained from him a total of 25 grams of cocaine base, (see 10/30/15 Hr'g Tr. 20:23-21:4);

- CW-2 "became involved in a partner type arrangement" with Dominguez-Rivera beginning in "November of 2010" through which they cooperated in trafficking cocaine, (see id. at 21:4-11);

- Specifically, CW-2 "would purchase one to three hundred gram quantities of cocaine every ten days, which [Dominguez-Rivera] then assisted in cooking into crack cocaine," and Dominguez-Rivera would

---

[4] Dominguez-Rivera attacks the proffered statement as inadmissible hearsay and potentially outside the timeframe charged in the superseding information. (See Doc. 169 at 2-3). Assuming the rules of evidence would apply to the government's proffer, the statement is not hearsay; it is the statement of an opposing party (*i.e.*, the defendant) which is admissible under the Federal Rules of Evidence. See FED. R. EVID. 801(d)(2). And it falls squarely within the period of time charged in the superseding information—per CI-1, Dominguez-Rivera made the relevant statement during a meeting on September 12, 2012. (See 10/30/15 Hr'g Tr. 20:2-12). Dominguez-Rivera also claims he never made the statement at issue, (see Doc. 169 at 3), but his admission under oath contradicts the assertion in his unsworn brief.

> then sell "approximately half" of the resulting cocaine base, (see id. at 21:4-11);

- A search of Dominguez-Rivera's garage on April 8, 2014, produced approximately seven grams of cocaine base, (see id. at 21:22-23, 22:3-4).

Dominguez-Rivera admitted to these facts after the conclusion of the government's statement. (See id. at 22:17-21).

Dominguez-Rivera has a colorable argument that Count 2 has a Rowe problem. As with the heroin charge, the admitted facts do not support the proposition that Dominguez-Rivera distributed 28 grams or more of cocaine base in one transaction; the government does not argue otherwise. (See Doc. 168 at 12-14). To support the possession component of Count 2, the government argues the 300 grams of cocaine Dominguez-Rivera assisted CW-2 in converting to crack cocaine proves Dominguez-Rivera possessed with intent to distribute at least 28 grams of cocaine base. (See id. at 12). We are not so sure—the record contains no factual basis to support the conversion underlying the government's view, nor any information situating the alleged conduct within the period of time charged in the

superseding information.[5]  Nevertheless, we need not resolve this question because even if the admitted facts are insufficient to support Dominguez-Rivera possessed with intent to distribute 28 grams of cocaine base, Attorney Porter's failure to challenge Count 2's factual basis did not prejudice him.

Dominguez-Rivera suggests improperly aggregating the drug quantities requires vacating his conviction under Count 2.  (See Doc. 161 at 8).  Our case law does not support such a remedy.  An error under Rowe does not undermine the integrity of a conviction for drug trafficking; it merely affects the validity of the sentence.  See Williams, 974 F.3d at 362.  In Rowe, for example, the court addressed a defendant who was convicted at trial for distribution of and possession with intent to distribute 1000 grams of heroin.  919 F.3d at 756.  The court found the evidence put to the jury did not meet the 1000-gram threshold.  See id. at 758-62.  *Per contra*, the evidence only supported the defendant distributed approximately 200 grams of

---

[5] The government's statement does not specify how much cocaine base resulted from CW-2 and Dominguez-Rivera's cocaine cooking or provide a formula for converting cocaine to cocaine base.  Even if we could assume the 300 grams of cocaine converted to more than 28 grams of cocaine base, it is not clear from the admitted facts Dominguez-Rivera ever had dominion over 28 grams of cocaine base at any specific moment.  Additionally, the superseding information charges the offense conduct took place between December 2011 and August 2013.  (See Doc. 74).  The government's factual statement describes the drug-trafficking partnership between CW-2 and Dominguez-Rivera as beginning in November of 2010, (see 10/30/15 Hr'g Tr. 21:4-11), more than a year prior to the conduct charged in the superseding information.  The partnership could have continued into the dates charged in the superseding information, but nothing in the factual statement explicitly or implicitly places the cocaine cooking within the charged timeframe.  Cf. Carey, 2023 WL 4385952, at *5 (upholding conviction based on possessions occurring five to six months before date alleged in indictment and in different county would be impermissible variance (citing United States v. Schoenhut, 576 F.2d 1010, 1021–22 (3d Cir. 1978))).

heroin in any single transaction and possessed with intent to distribute at most 746 grams of heroin at any one moment in time. See id. at 760-62 & n.6. To remedy the error, the court vacated the conviction with instructions to the district court to enter a judgment of conviction for the greatest statutory drug quantity identified by 21 U.S.C. § 841(b)(1) and supported by the record—100 grams of heroin under Section 841(b)(1)(B). See id. at 763.

Assuming *arguendo* Dominguez-Rivera would have succeeded in challenging the factual basis of his conviction on Count 2, the appropriate remedy would have been for Judge Jones to follow Rowe and to downgrade the applicable statutory penalty. See United States v. Vazquez, 271 F.3d 93, 105 (3d Cir. 2001) ("[I]t is well settled that courts may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense." (internal quotation marks and citations omitted)); cf. United States v. Freeman, 763 F.3d 322, 334 (3d Cir. 2014) (possession with intent to distribute unspecified quantity of controlled substance is lesser included offense in possession with intent to distribute specified quantity of same controlled substance). Drug-trafficking offenses involving cocaine base with drug quantities less than 28 grams fall within the ambit of 21 U.S.C. § 841(b)(1)(C), the catchall provision for offenses without a specified drug quantity. See United States v. Birt, 966 F.3d 257, 260 (3d Cir. 2020). Hence, Attorney Porter's challenge could, at most, have resulted in the court converting Dominquez-Rivera's conviction on Count 2 from one under 21 U.S.C. § (b)(1)(B)(iii) to one under (b)(1)(C).

Section 841(b)(1)(C) carries with it different penalty provisions than Section 841(b)(1)(B). Dominguez-Rivera would no longer be subject to a statutory mandatory minimum, his maximum sentence would be capped at 20 years instead of 40 years, and the minimum term of supervised release would be three years instead of four years. See 21 U.S.C. § 841(b)(1)(B)-(C). But these statutory changes would not impact the Sentencing Guidelines. When multiple related counts are at issue, the Sentencing Guidelines group the counts together and set the base offense level using the most serious count, see U.S.S.G. § 3D1.2 (U.S. SENT. COMM'N 2018), in this case, Counts 1 and 2. The Guidelines calculate the offense level for drug-trafficking counts using the drug weights attributable to the defendant independently from any charged statutory drug quantity. See U.S.S.G. § 2D1.1, cmt. 5; see also Neal v. United States, 516 U.S. 284, 291 (1996); U.S.S.G. § 1B1.3(a)(2).

Dominguez-Rivera stipulated his offense level should be calculated using a converted drug weight of at least 3,000 kilograms but less than 10,000 kilograms.[6] (See Doc. 152). Hence, his base offense level, even if Judge Jones excised the statutory drug quantity from Count 2, would remain at level 32. See U.S.S.G. § 2D1.1(c)(4). Dominguez-Rivera additionally stipulated to a total offense level of 29, a criminal history category of IV, and a Guidelines range of 121 to 151 months' imprisonment, and to jointly recommend a sentence of 135 months' imprisonment. (See Doc. 152). Dominguez-Rivera does not suggest the absence of the enhanced

---

[6] Dominguez-Rivera does not challenge the stipulation or offer any suggestion as to how Attorney Porter might have negotiated a different stipulation had the range of possible sentences for Count 2 been different.

12

penalties related to the statutory drug quantity would have unseated any aspect of his agreement with the government. Nor does he advance any reason to think Judge Jones would have given Dominguez-Rivera a sentence below the term jointly recommended by the parties. Judge Jones made explicit during the resentencing hearing he formulated Dominguez-Rivera's sentence in accord with the parties' stipulation and joint recommendation. (See 2/23/21 Hr'g Tr. 3:9-4:3, 4:11-15, 5:7-9).[7] Even the change in the minimum term of supervised release would have no effect on Dominguez-Rivera's sentence since his conviction on Count 1 would still have required Judge Jones to impose a minimum term of four years—the same term Dominguez-Rivera is currently serving. See 21 U.S.C. § 841(b)(1)(B).

Dominguez-Rivera does not raise a reasonable possibility his sentence would have been different had Attorney Porter challenged the factual basis supporting the statutory drug quantity charged in Count 2 under Rowe. Accordingly, his ineffective assistance claim related to Count 2 fails under the second prong of Strickland. See Strickland, 466 U.S. at 694.

### B.    Felon in Possession

Dominguez-Rivera also seeks relief based on the United States Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). (See Doc. 161 at 8-9). In Rehaif, the Supreme Court clarified the *mens rea* necessary for a defendant to knowingly violate 18 U.S.C. § 922(g), which prohibits possession

---

[7] The court reporter has provided the court with a rough transcript of the resentencing hearing held before Judge Jones on February 23, 2021. Citations thereto are abbreviated "2/23/21 Hr'g Tr. __." Pagination of the rough transcript may vary from pagination of the official transcript.

of firearms by certain classes of persons. See Rehaif, 139 S. Ct. at 2194. The Court held the word "knowingly" applies to both the defendant's conduct and the defendant's relevant status. See id. Thus, to secure a Section 922(g) conviction, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." See id. In other words, "[i]n felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." See Greer v. United States, 593 U.S. ___, 141 S. Ct. 2090, 2095 (2021) (citing Rehaif, 139 S. Ct. at 2199-2200).

Dominguez-Rivera pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (See Doc. 74; Doc. 75 ¶ 1). He now insists he did not know he was prohibited from possessing a firearm and Attorney Porter was ineffective for not challenging the factual basis supporting this count. (See Doc. 161 at 8-9). Dominguez-Rivera misunderstands Rehaif. Rehaif only requires the government to prove the defendant knew of his relevant status—in Dominquez-Rivera's case, his status as a convicted felon—when he possessed the firearm. See Greer, 141 S. Ct. at 2095 (citing Rehaif, 139 S. Ct. at 2199-2200). The government does not need to prove the defendant "knew he could not legally possess a firearm." See United States v. Boyd, 999 F.3d 171, 182 (3d Cir. 2021) (citations omitted).

Dominguez-Rivera does not deny he knew he was a felon at the time he possessed the subject firearm. See Greer, 141 S. Ct. at 2097 (noting "if a person is a felon, he ordinarily knows he is a felon"). Nor could he plausibly deny he lacked such knowledge. See United States v. Adams, 36 F.4th 137, 152 (3d Cir.) ("Greer, in

14

effect, created a presumption that the 'knowledge-of-status' element is satisfied whenever a § 922(g)(1) defendant is, in fact, a felon."), cert. denied, ___ U.S. ___, 143 S. Ct. 238 (2022). By the time of the offense conduct relevant to his charge pursuant to Section § 922(g), Dominguez-Rivera had served several multiyear prison stints on felony convictions in Connecticut. (See Doc. 83 ¶¶ 32-35); see also Adams, 36 F.4th at 152 (court may consider whole record including presentence report in deciding Rehaif claim (citing Greer, 141 S. Ct. at 2097)). Dominguez-Rivera proffers no facts or argument supporting his claim he did not know he was a felon at the time he possessed the firearm in question. Any challenge to the factual basis supporting this conviction based on Rehaif would have been meritless. Attorney Porter had no obligation to raise such a challenge, see Lafler, 566 U.S. at 167; Preston, 902 F.3d at 379, and, even if she did, her failure to raise it did not prejudice Dominguez-Rivera because the parameters of his sentence were established by the drug-trafficking counts, see *supra* at 11-12. Dominguez-Rivera's claim for ineffective assistance with respect to the Section 922(g) conviction fails.[8]

## IV.  Conclusion

For the above reasons, we will deny Dominguez-Rivera's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We will also deny a certificate of appealability, because he has not "made a substantial showing of the

---

[8] Dominguez-Rivera additionally seeks release on bail pending resolution of his habeas petition. (See Doc. 161 at 10-11). We deny this request as moot in light of our disposition of the challenges to Dominguez-Rivera's convictions and our finding that no certificate of appealability should issue.

15

denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).  An appropriate order shall issue.

_____
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   July 27, 2023